**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA,
THE STATE OF FLORIDA,
*ex rel* WILLARD REVELS,

        CASE NO. 3:19-cv-834-J-32JRK

   Plaintiffs,

v.

PUTNAM COMMUNITY MEDICAL
CENTER OF NORTH FLORIDA, LLC,

   Defendant.
_____/

**RELATOR'S REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO RELATOR'S MOTION TO LIFT STAY TO PERMIT LIMITED NON-PARTY DISCOVERY**

Relator, Willard Revels ("Relator"), pursuant to Local Rule 3.01(d) and by and through counsel, files this *Reply to Defendant's Response in Opposition to Relator's Motion to Lift Stay to Permit Limited Non-Party Discovery* (the "Reply") and would respectfully show the Court as follows:

1. Contrary to Defendant's characterization, Relator does not seek to relitigate any issue determined by Magistrate Judge Klindt's July 7, 2021 Stay Order (Doc. No. 43). That Order did, however, expressly leave open to Relator the filing of a motion requesting that the Court

1

permit discovery directed to third parties. That is what Relator did—and nothing more. Indeed, *Relator's Motion to Lift Stay to Permit Limited Non-Party Discovery* (Doc. No. 45) further scaled back his ask to: "authoriz[ation] to take no more than three (3) non-party depositions duces tecum absent further Court authorization."

2.  Relator proposes to take the depositions of Kimberly Moore, Kari Bolin, and Dr. Iftikhar Ahmad. Each of these witnesses has an important story to tell concerning events occurring in 2012 through 2015. See *First Amended Complaint* ("FAC") (Doc. No. 16) at ¶¶ 30-54. Relator is concerned that delaying discovery will render the recollections of these witnesses stale, and prejudice Relator's ability to prove his case. Such concerns have been recognized as significant—even when substantially less time had elapsed. See, e.g., *United States ex rel. St. Joseph's Hospital, Inc.*, Case No. CV410-096, *2 (S.D. Ga. Dec. 22, 2011) ("It has been more than three years since the events underlying plaintiffs' claims occurred, so memories have likely already begun to fade.")[1]

---

[1] Furthermore, none of these witnesses is expected to possess many documents relevant to this action. Accordingly, the enormous amount of preparatory work forecasted in *Defendant's Response in Opposition to Relator's Motion to Lift Stay to Permit Limited Non-Party Discovery,* at 9 (Doc. No. 46) is, at best, a pronounced exaggeration.

3. Defendant has proclaimed and presumably will continue to proclaim that it will suffer grave harm should such a modest and eminently fair accommodation issue. Yet Defendant offers only conclusory assertions in support.

4. Finally, and most importantly, Relator's FAC does not rely upon "mere conjecture"[2] to satisfy Rule 9(b)'s particularity standard. The FAC furnishes extensive "details of the defendant[']s[] allegedly fraudulent acts, when they occurred, and who engaged in them." *Clausen*, 290 F.3d at 1310 (citations omitted). It tracks Relator's personal conversations with Defendant's CEOs, CFOs, Chief Nursing Officers, Compliance Officers, Directors of the Cardiopulmonary Services Department, Risk Manager, Billing Department supervisors and staff, and literally hundreds of patients over a succession of many years, and incorporates annual reports expressly referencing *"reimbursement" of "claim[s]"* in connection with the Sleep Lab studies Relator and his staff performed.[3] All objectively reasonable inferences to be drawn from the

---

[2] *United States ex rel. Clausen v. Laboratory Corp.*, 290 F.3d 1301, 1313 (11th Cir. 2002) ("*Clausen*").

[3] FAC at ¶¶ 6; 41-51 & nn.19-23; 55-75 & nn.24, 27-28; 80-86 & nn.34-36; 88-90 & n.39.

3

FAC's factual allegations lead not only to the "plausible"—but ineluctable—conclusion that fraudulent claims had been submitted by Defendant to the United States for payment.[4]

Respectfully submitted,

***/s/ James A. Gustino***
James A. Gustino
Florida Bar No. 612499
JAMES A. GUSTINO, P.A.
P.O. Box 784959
Winter Garden, Florida 34778-4959
(407) 625-6700
Email 1: jgustino@gustinolaw.com
Email 2: gustinolaw@protonmail.com

Lead Counsel for Relator,
Willard Revels

---

[4] The False Claims Act does not target innocent billing errors, or errors in billing that are simply negligent. However, that is not the case here; Relator has alleged in detail: (a) tens of thousands of intentional acts of fraudulent billing by the Defendant (b) in direct contravention of clear, well-established federal regulatory mandates (c) designed to protect patient well-being (d) over a span of at least ten (10) years.

## **Certificate of Service**

I certify that on September 10, 2021, I filed the foregoing with the Clerk of Court using the CM/ECF system and that a copy shall be served via CM/ECF upon all counsel of record.

*/s/ James A. Gustino*
James A. Gustino
Florida Bar No. 612499